STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT, v.
RICHARD LEROY NATALE, DEFENDANT-APPELLANT.

Superior Court of New Jersey
Appellate Division

Submitted November 24, 1975—Decided December 24, 1975.

242

Before Judges CARTON, CRAHAY and HANDLER.

*Mr. Stanley C. Van Ness,* Public Defender, attorney for appellant (*Mr. William L. Roughton, Sr..,* Assistant Deputy Public Defender, of counsel and on the brief).

*Mr. William F. Hyland,* Attorney General of New Jersey, attorney for respondent (*Mr. Robert J. Genatt,* Deputy Attorney General, of counsel and on the brief).

PER CURIAM. On January 17, 1974 defendant was charged in a 13-count indictment. The first three counts charged assault and battery on Officer Dean Washburn (*N. J. S. A.* 2A:90-4), assault with intent to kill Dean Washburn (*N. J. S. A.* 2A:90-2), and attempted use of a deadly weapon against Dean Washburn (*N. J. S. A.* 2A:151-56). The

next three counts charged assault and battery upon Officer Peter Ramsey (*N. J. S. A.* 2A:90-4), assault with intent to kill Peter Ramsey (*N. J. S. A.* 2A:90-2), and attempted use of a deadly weapon against Peter Ramsey (*N. J. S. A.* 2A:151-56). The next three counts were assault and battery on Officer Richard Dancisin (*N. J. S. A.* 2A:90-4), assault with intent to kill Richard Dancisin (*N. J. S. A.* 2A:90-2) and attempted use of a deadly weapon against Richard Dancisin (*N. J. S. A.* 2A:151-56). Defendant was also charged with assault with intent to kill Brian Henfey and assault with intent to kill Joseph Caiola. The final two counts were attempted use of a deadly weapon on Brian Henfey and attempted use of a deadly weapon on Joseph Caiola.

A jury trial was held. At the close of all testimony the judge ruled that each charge of attempted use of a deadly weapon merged into the assault with intent to kill the same victim so he did not permit the jury to consider those charges.

The jury found defendant not guilty of assault with intent to kill Peter Ramsey, assault with intent to kill Richard Dancisin and assault with intent to kill Joseph Caiola. It found him guilty of assault with intent to kill Dean Washburn, assault and battery on Dean Washburn, assault and battery on Peter Ramsey and assault and battery on Richard Dancisin. The judge ruled that the assault and battery on Dean Washburn merged into the assault with intent to kill Dean Washburn and molded the verdict to that effect.

Defendant was sentenced to a 10 to 12 year term for the assault with intent to kill. Three concurrent five to seven-year State Prison terms were imposed for the assaults and batteries upon the other police officers, concurrent with the previous sentence.

■ Defendant contends that the jury charge, to the effect that assault with intent to kill requires an intent either to kill or to inflict grievous bodily harm, was erroneous. Because the charge went to such an important element of

proof and because it was repeatedly reinforced by counsel in summation, he maintains that the error was capable of producing an unjust result and therefore requires reversal even though there was no objection to it below. *R.* 2:10–2. The State, as do we, agrees with defendant.

There is no doubt whatever that defendant fired the shots at the officers and that he injured two of them. He was convicted of assaulting only one, Washburn, with an intent to kill. He claimed that the first time he shot his gun only to get Washburn's attention and that the second time he shot in order to stop Washburn from shooting at him. He specifically said that he did not intend to kill any of the officers.

It was essential that the jury clearly understand what intent was necessary in order to constitute an assault with intent to kill. They were told that either one of two intents was requisite — an intent to kill or an intent to do grievous bodily harm.

*N. J. S. A.* 2A:90–2 provides "[a]ny person who commits an assault with intent to kill * * * is guilty of a high misdemeanor * * *." The words of the statute are sufficiently clear; they contain no ambiguity or hidden meaning.

No case directly answers the questions whether an intent to kill may be satisfied by different or lesser intent. Nevertheless, this statutory offense, in the plain terms of the statute entails an intent to kill or take the life of the victim. See *State v. Abbott,* 36 *N. J.* 63, 73 (1961) ; *State v. Gallagher,* 83 *N. J. L.* 321 (Sup. Ct. 1912) ; *State v. Barker,* 68 *N. J. L.* 19, 24–26 (Sup. Ct. 1902).

Since intent was the only real issue it was necessary that the jury be charged correctly. We cannot say beyond a reasonable doubt, therefore, that the erroneous charge could not have led the jury to a result it would not otherwise have reached. *State v. Macon,* 57 *N. J.* 325 (1971). Hence, there must be a reversal of this conviction.

■ Defendant also contends that it was error to admit a statement he made in the hospital to Detective Werse.

There was no error in the admission of this statement. There was sufficient credible evidence present in the record to uphold the finding that the statement was volunteered and that it was not in any sense the product of police interrogation. *Cf. State v. Barnes,* 54 *N. J.* 1 (1969), *cert.* den. 396 *U. S.* 1029, 90 *S. Ct.* 580, 24 *L. Ed.* 2d 525 (1970); *State v. Gosser,* 50 *N. J.* 438, 445–446 (1967), *cert.* den. 390 *U. S.* 1035, 88 *S. Ct.* 1434, 20 *L. Ed.* 2d 295 (1968).

█ It is also claimed that certain remarks of the prosecutor constituted plain error. Because the judge charged the jury to disregard counsel's remarks regarding the facts in the case and because the prosecutor's comment cited by defendant was apparently inadvertent and not significant in the context of the evidence, we find that it was not plain error. *State v. Perry,* 65 *N. J.* 45, 54 (1974); *State v. Macon, supra.*

█ Defendant argues finally that his sentence is excessive because he is psychotic and because he was wounded in the incident. As noted, he was sentenced to a concurrent 10 to 12-year term for the assault with intent to kill and two concurrent 5 to 7-year terms for the assault and battery convictions.

Based upon our examination of the record, we do not believe that any of the sentences imposed was manifestly excessive or otherwise an abuse of discretion. Nevertheless, all of defendant's convictions arose out of the same course of events and were considered interrelated by the court in imposing sentence thereon. Under these circumstances, since the conviction and sentence for assault with intent to kill must be set aside, we deem it appropriate that all sentences be vacated and the matter remanded for resentencing.

Accordingly, the conviction for assault with intent to kill Dean Washburn is vacated and that count alone is remanded for retrial. We direct that the jury verdict of guilty of an assault and battery on Officer Washburn be reinstated. Should retrial result in a guilty verdict of assault with intent to kill Washburn, then the assault and battery upon him

as a police officer should once more be merged into the assault with intent to kill him. The matter is remanded for re-sentencing on the three convictions for assault and battery upon police officers. Such resentencing may, however, in the discretion of the lower court, be undertaken before or after retrial of the remanded count of assault with intent to kill.